1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIYON FORD,                          )
                                     )
              Petitioner,            )        3:09-cv-0596-RCJ-RAM
                                     )
vs.                                  )        **ORDER**
                                     )
JACK PALMER, *et al.*,               )
                                     )
              Respondents.           )
_____)

15        This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

16   Before the Court is the respondents' Answer to grounds 2-8 and 11 of the petition.  (ECF No. 28.)

17   Petitioner has not filed a reply.

18   **I.        Procedural Background**

19        Petitioner was charged with attempted murder with the use of a deadly weapon on

20   December 17, 2004, resulting from an incident wherein petitioner shot Kimble Lowe in the face.

21   Exhibit 2.[1]   Following a preliminary hearing, petitioner was bound over and an Information charging

22   petitioner with attempted murder with the use of a deadly weapon was filed in the state district court

23   on January 13, 2005.  Exhibit 3.

24        Cesar Almase was appointed to represent petitioner, but on March 23, 2005, he

25

26

_____

[1] The exhibits referenced in this Order were submitted by respondents in support of their motion
to dismiss and are found in the court's record at ECF Nos. 15 and 16.

moved to withdraw because petitioner believed there existed a conflict of interest arising from counsel's prior representation of a witness in the proceedings.  Exhibit 4.  The motion was granted and Keith Brower was appointed.  Exhibit 5.  A year later, Brower moved to withdraw citing a "complete and utter breakdown in communication" with petitioner.  Exhibit 6.  On April 20, 2006, replacement counsel was appointed and Paul Wommer began his representation of petitioner. Exhibit 7.

During pretrial proceedings in July of 2006, petitioner moved to dismiss Wommer. Exhibit 12.  Following a hearing, the motion was denied.  Exhibits 13 and 14.  In October, 2006, petitioner informed the court he would be retaining private counsel and Wommer was allowed to withdraw.  Exhibit 15.  A month later, petitioner failed to appear with retained counsel and Wommer stepped back in.  Trial commenced on November 20, 2006, Exhibits 17-18.  Petitioner was found guilty the next day.  Exhibit 20.  Petitioner was sentenced to two consecutive terms of twenty years, with the possibility of parole after 96 months.  Exhibit 21.  He appealed and Wommer was appointed to represent him in that endeavor.  Exhibits 22 and 23.

In the Fast Track appeal, counsel raised a single claim that there was insufficient evidence to convict.  Exhibit 26. The appeal was denied and petitioner's conviction affirmed on September 6, 2007.  Exhibit 29.  Petitioner sought dismissal of counsel and delivery of records, which the court granted on January 3, 2008.  Exhibit 32.  Petitioner disputes ever receiving those documents.

Petitioner filed a pro se state post-conviction petition raising twelve grounds for relief.  Exhibit 39.  He filed a supplemental petition raising an additional five grounds for relief. Exhibit 42.  The state responded and the state district court denied relief, entering its order on December 4, 2008.  Exhibit 44.  Petitioner appealed.  Exhibit 45.  In August, 2009, the Nevada Supreme Court affirmed the lower court's decision.  Exhibit 46.

1    Petitioner submitted his federal petition for writ of habeas corpus for mailing on or

2  about September 28, 2009, wherein he raised seventeen grounds for relief.  (ECF No. 1.)  The

3  petition was ultimately filed on April 21, 2010.  (ECF No. 10.)  Thereafter, respondents moved to

4  dismiss grounds 1, 9, 10, and 12-17.  (ECF No. 14.)  Several months later, when petitioner failed to

5  oppose the motion, those grounds were dismissed and an Answer ordered.  (ECF No. 26.)  The

6  answer to the remaining grounds for relief is now before the Court for consideration.

7  **II.    Legal Standards**

8         A.    Habeas Corpus Review

9    28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act

10  (AEDPA), provides the standards of review  that this Court applies to the petition in this case:

12    An application for a writ of habeas corpus on behalf of a
     person in custody pursuant to the judgment of a State court shall not be
     granted with respect to any claim that was adjudicated on the merits in

13    State court proceedings unless the adjudication of the claim --

14    (1)  resulted in a decision that was contrary to, or involved an
     unreasonable application of, clearly established Federal law, as

15    determined by the Supreme Court of the United States; or

16    (2)  resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the

17    State court proceeding.

18  28 U.S.C. §2254(d).

19    A state court decision is contrary to clearly established Supreme Court precedent,

20  within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the

21  governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts

22  that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives

23  at a result different from [the Supreme Court's] precedent."  *Lockyer v. Andrade*, 538 U.S. 63, 123

24  S.Ct. 1166, 1173 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000),

25  and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843 (2002).

26

3

1        A state court decision is an unreasonable application of clearly established Supreme

2   Court precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct

3   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

4   principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174

5   (*quoting Williams*, 529 U.S. at 413, 120 S.Ct. 1495). The "unreasonable application" clause requires

6   the state court decision to be more than incorrect or erroneous; the state court's application of clearly

7   established law must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409, 120 S.Ct.

8   1495). In determining whether a state court decision is contrary to federal law, this Court looks to

9   the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

10  *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324 (2001).

11       With respect to pure questions of fact, "a determination of a factual issue made by a

12  State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting

13  the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). If there

14  is no reasoned decision upon which the Court can rely, then it must make an independent review of

15  the record to determine whether the state court clearly erred in its application of controlling federal

16  law. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000).

17       The relevant federal law in addressing petitioner's claims is the standard for

18  ineffective assistance of counsel under *Strickland*, which requires a showing of "both deficient

19  performance by counsel and prejudice." *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (U.S. 2009).

20       B       Ineffective Assistance of Counsel

21       In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court established the standards

22  by which claims of ineffective counsel are to be measured. In *Strickland*, the Court propounded a

23  two prong test; a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the

24  defense attorney's representation "fell below an objective standard of reasonableness," and (2) that

25  the attorney's deficient performance prejudiced the defendant such that "there is a reasonable

26

4

1   probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

2   different." *Strickland*, 466 U.S. at 688, 694.

3          Regarding the first prong -- commonly known as the "effectiveness prong" -- the

4   *Strickland* Court expressly declined to articulate specific guidelines for attorney performance beyond

5   generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to

6   advocate the defendant's cause, and the duty to communicate with the client over the course of the

7   prosecution. *Id*. Defense counsel's duties are not to be defined so exhaustively as to give rise to a

8   "checklist for judicial evaluation ... [because] [a]ny such set of rules would interfere with the

9   constitutionally protected independence of counsel and restrict the wide latitude counsel must have

10  in making tactical decisions." *Id*.

11         The *Strickland* Court instructed that review of an attorney's performance must be

12  "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct, in

13  order to avoid the "distorting effects of hindsight." *Id.* at 689. A reviewing court must "indulge a

14  strong presumption that counsel's conduct falls within the wide range of reasonable professional

15  assistance ... [and] the [petitioner] must overcome the presumption that ... the challenged action

16  might be considered sound trial strategy." *Id*. (citation omitted).

17         Construing the Sixth Amendment to guarantee not effective counsel *per se*, but rather

18  a fair proceeding with a reliable outcome, the *Strickland* Court concluded that demonstrating that

19  counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding

20  of ineffective assistance. In order to satisfy *Strickland's* second prong, the defendant must show that

21  the attorney's sub-par performance prejudiced the defense. *Id*. at 691-92. The test is whether there

22  is a reasonable probability that, but for the attorney's challenged conduct, the result of the

23  proceeding in question would have been different. *Id*. at 691-94. The Court defined reasonable

24  probability as "a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

25

26

1

**C.      Discussion**

Petitioner contends that his conviction was obtained as the result of the ineffective

assistance of counsel both during trial and on direct appeal.  While there are eight numbered claims

surviving in the petition, several of them are duplicative.  For example, grounds 5, 7(c), and 11 are

duplicates of issues raised in ground 3 and ground 7(b) is a repeat of the claim raised in ground 6(b).

As a result, the Court will address the issues raised based on their subject matter, rather than repeat

the analysis for each time the issue is repeated.

Conflict of Interest - Ground 2(a)

Petitioner claims he was denied conflict-free appellate counsel because the court

appointed Paul Wommer to represent him on appeal after he had allegedly proved unsatisfactory

during trial.  Petitioner identifies various issues he had with counsel including his refusal to file pre-

trial motions, his failure to communicate sufficiently and his refusal to provide petitioner with the

discovery in his case.

The Sixth Amendment ensures that a criminal defendant has the right to

representation that is free from conflicts of interest and the assistance of counsel whose loyalties are

not divided. *Wood v. Georgia*, 450 U.S. 261, 271 (1981); *Lewis v. Mayle,*  391 F.3d 989, 997 (9th

Cir. 2004).  In order to prevail on this claim, petitioner must demonstrate that there was an actual

conflict between his interests and counsel's and that the conflict affected counsel's performance.

*Cuyler v. Sullivan,* 446 U.S. 335, 348 (1980); *Fitzpatrick v. McCormick*, 869 F.2d 1247, 1251 (9th

Cir.), cert. denied, 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989).

Here, petitioner has not identified the substance of the conflict, aside from his general

complaints about counsel's communication and performance, and he fails to demonstrate how the

purported conflict impacted the attorney's work as his appellate counsel.  Petitioner's claim is

inadequate to win him relief on this claim.  Moreover, the Nevada Supreme Court's determination of

6

1  the claim included application of the *Cuyler* rule and a proper analysis of the rule's application to the

2  facts of the case.  No relief is warranted on this claim.

3              Communication of Counsel - Ground 2(b) and (c), Ground 3(b), (c), and Ground 7(c)

4              Petitioner next claims that counsel's communication was inadequate and

5  unprofessional.  He claims that counsel refused to accept collect telephone calls, was rude and hung

6  up on family members who would call, and he did not spend time with petitioner in preparing for

7  trial and did not accept directions from petitioner as to motions to file or arguments to present. He

8  further complains that counsel did not provide him with all of the discovery - either before trial or

9  after.

10             Under the *Strickland* standard, counsel is required to communicate with his client

11  only to the extent necessary to provide effective representation. There is no duty requiring an

12  attorney to confer or communicate with his client's family.  Lack of communication raises a

13  constitutional denial of counsel claim only to the extent that the petitioner can demonstrate that he

14  suffered prejudice from counsel's actions.  As noted, petitioner did speak to his attorney and did

15  convey to him his desires as to a theory of defense and other matters.

16             Petitioner has not demonstrated that he suffered any prejudice from counsel's

17  communication style or his purported refusal to provide petitioner with all the discovery from his

18  case.  Neither has he shown that the Nevada Supreme Court made an objectively unreasonable

19  determination of this ground for relief at the state level.  Petitioner's complaint about counsel's

20  communication does not warrant relief from this Court.

21             Failure to Investigate in Order to Effectively Present or Impeach Witnesses - Ground 3(a), (d)

22  and (e), Ground 5, Ground 6, Ground 7(a) and (b) and Ground 11

23             Petitioner argues that counsel was ineffective for his failure to investigate or call

24  Monet Brown, petitioner's wife, as an eye witness. Petitioner further complains that counsel failed to

25  investigate why the detectives didn't take a beer bottle into evidence and why they conducted a

26

1   search of petitioner's residence after being denied access.  Petitioner complains that counsel failed to

2   discover the extent of the victim's criminal history and did not address his inconsistent statements in

3   order to effectively cross-examine him at trial.

4          Counsel has "a duty to make reasonable investigations or to make a reasonable

5   decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. More

6   specifically, "a particular decision not to investigate must be directly assessed for reasonableness in

7   all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

8          In addressing these claims, the Nevada Supreme Court noted that counsel presented a

9   self-defense theory to the jury through petitioner's own testimony, making presentation of his Ms.

10  Brown's testimony unnecessary.  Exhibit 46.  The court also found that petitioner did not know the

11  whereabouts of his wife at the time of trial, based upon his own testimony at trial.  *Id.* Finally, the

12  state court found that petitioner failed to provide sufficient facts showing what further investigation

13  would have uncovered.  the court determined that petitioner had not demonstrated that more

14  investigation of his wife or her testimony would have made a difference in his trial outcome.  The

15  state court discussed the purported lack of investigation of the victim's criminal history, noting that

16  counsel was able to get the victim to acknowledge that he had at least two felony convictions before

17  the court cut off questioning.  *Id.*  Petitioner has not shown that further investigation of the victim's

18  background would have been beneficial to his case.  No relief is warranted on petitioner's claims that

19  counsel was ineffective in his investigation or cross-examination of witnesses.

20                    Ineffective Assistance of Appellate Counsel - Ground 4

21          Petitioner claims that his appellate counsel was ineffective for raising only a single

22  claim for relief on direct appeal.  He argues the single claim of insufficient evidence to convict was

23  not the one issue that should have been brought up and that counsel only wanted to be done with the

24  brief.

25

26

8

1    Effective assistance of appellate counsel is guaranteed by the Due Process Clause of

2    the Fourteenth Amendment. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985).  Appellate counsel is

3    not required to raise every non-frivolous issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 751

4    (1983); *Smith v. Stewart,* 140 F.3d 1267, 1274, n.4 (9th Cir. 1998). Thus, petitioner must show that

5    his appellate counsel's performance was objectively unreasonable in failing to identify and bring

6    appropriate claims and that there was a reasonable probability that, but for counsel's unreasonable

7    failure, he would have prevailed on his appeal.  *Smith v. Robbins,* 528 U.S. 259, 285 (2000).

8    Petitioner's claim lacks sufficient facts to show either that counsel was ineffective or

9    that petitioner was prejudiced by his appellate counsel's performance.  He does not identify what

10   other claims counsel might have raised and he fails to show that any such claims would have

11   impacted the outcome of his appeal.  The Nevada Supreme Court determined this claim lacks merit,

12   applying the proper federal standards and making reasonable determinations of the facts. *See* Exhibit

13   46.  This Court agrees.  No relief is warranted as to Ground 4 of the petition.

14                    Failure to Argue for Lesser Included Jury Instruction - Ground 8

15   Petitioner argues that counsel was ineffective for failing to present a theory of lesser

16   charges of battery with substantial bodily harm or assault with a deadly weapon, based on the

17   circumstances of the crime, i.e., that there was a struggle which resulted in the discharge of the gun.

18   The Nevada Supreme Court reviewed this claim and concluded:

19          The jury found appellant guilty of attempted murder with the use of a
            deadly weapon and that finding indicates that the jury necessarily
20          found the element of attempted murder with the use of a deadly
            weapon had been met with proof beyond a reasonable doubt. [Citation
21          omitted.] On direct appeal, this court determined that there was
            sufficient evidence supporting the jury's verdict.  Appellant failed to
22          demonstrate that there was a reasonable probability of a different
            outcome had trial counsel pursued lesser offenses.  Therefore, we
23          conclude that the district court did not err in denying this claim.

24   Exhibit 46.

25

26
                                          9

Petitioner has failed to demonstrate to this Court that the Nevada Supreme Court's decision was objectively unreasonable or otherwise inappropriate under 28 U.S.C. § 2254.  No relief is warranted on Ground 8 of the petition.

**III.   Conclusion**

The various issues raised in this petition are inadequate to obtain habeas relief for petitioner.  He has not demonstrated that there existed a conflict of interest with his counsel; he has not shown that counsel's failure to investigate impacted the outcome of his trial or denied him an opportunity to present a defense.  Neither has he shown that counsel failed to provide an adequate defense either by calling additional witnesses or examining witnesses differently.  Trial counsel was not ineffective for not pursuing lesser included offenses, as the evidence was sufficient to show petitioner guilty of the charge of attempted murder with a deadly weapon.  Finally, petitioner has failed to adequately plead his claim that appellate counsel was ineffective.  The petition shall be denied in its entirety.

**IV.   Certificate of Appealability**

Should petitioner wish to appeal this decision, he must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

1         Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

2    Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

3    the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

4    notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

5    considered the issues raised by petitioner, with respect to whether they satisfy the standard for

6    issuance of a certificate of appealability, and determines that none meet that standard.  The Court

7    will therefore deny petitioner a certificate of appealability.

8         **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is

9    **DENIED WITH PREJUDICE.**

10        **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  The

11   Clerk shall enter judgment accordingly.

12        Dated this 1st day of April, 2011.

14   _____

15   UNITED STATES DISTRICT JUDGE

11